BENJAMIN M. GIPSON (SBN 222830)
ben.gipson@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California  90067-4704
Tel:  310.595.3000
Fax:  310.595.3300

Attorneys for Defendant
ART FASHION CORPORATION dba
ROBERTO CAVALLI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORINA JUTARIU, an individual, | CASE NO. |
| Plaintiff, | (Los Angeles Superior Court Case No. BC 599882) |
| v. | |
| ART FASHION CORPORATION dba ROBERTO CAVALLI, a New York corporation; and DOES 1 through 30, inclusive, | **ART FASHION CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441(B)** |
| Defendant. | Complaint Filed:  November 3, 2015 |

WEST\266682810.1

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Art Fashion Corp. d/b/a Roberto Cavalli ("Art Fashion") hereby removes this action originally filed in the Superior Court of California in the County of Los Angeles pursuant to 28 U.S.C. §§1332 and 1441(b).

## I.   SUMMARY OF ALLEGATIONS IN COMPLAINT AND BASIS FOR JURISDICTION

1.     On or about November 3, 2015, Plaintiff commenced this action in the Superior Court of California in and for Los Angeles County by filing a complaint entitled *Dorina Jutariu v. Art Fashion Corporation dba Roberto Cavalli, a New York corporation, and DOES 1 through 30, inclusive,* as Case No. BC599882. ("Complaint.")

2.     Plaintiff alleges claims for relief based on violations of the California Labor Code for disability discrimination, failure to prevent discrimination, failure to provide California Family Rights Act Leave, failure to reasonably accommodate disability, failure to engage in the interactive process, retaliation, wrongful termination of public policy, failure to reimburse business expenses, failure to pay vested wages, and failure to timely pay wages.

3.     The Complaint was served on or about November 4, 2015 (Declaration James Clancy ("Clancy Dec.") ¶ 4).  A true and correct copy of the Summons, Complaint, and acceptance of service is attached hereto as **Exhibit A.**

4.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1441(b) based on diversity jurisdiction.  The state court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000,

DEFENDANT ART FASHION CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    exclusive of interest and costs, as explained below.  While Art Fashion disputes the

2    allegations of wrongdoing in the Complaint and disputes that Plaintiff is entitled to

3    relief in any amount from any defendant, the amount in controversy requirement is

4    satisfied because Plaintiff's Complaint seeks relief in excess of $75,000.  *See* 28

5    U.S.C. §§1332(d)(2).

6    ## II.    BASIS FOR FEDERAL COURT JURISDICTION

7    ### A. THE PARTIES' CITIZENSHIP

8    5.    There is complete diversity of citizenship because the operative

9    parties, Plaintiff, on the one hand, and Art Fashion, on the other, are citizens of

10    different states.

11    6.    Plaintiff worked in Los Angeles, California, and was a resident of

12    California at all relevant times.  (Complaint, ¶ 7.)

13    7.    Plaintiff admits that Art Fashion is a New York corporation.[1]

14    (Complaint ¶ 10).

15    8.    Further, Art Fashion's principal place of business, at all relevant times,

16    has been New York, New York, which is the location of its headquarters; the

17    location from which its high level officers work and direct, control, and coordinate

18    its activities; where its policies and procedures are developed; and where its

19    corporate functions, including those relating to accounting, finance, human

20    resources, legal, and marketing, take place.  (Clancy Dec. ¶ 3).

21    9.    Any potential "DOE" defendants shall be disregarded for purposes of

22    removal.  28 U.S.C. § 1441(a).  In addition, there are no allegations in the

23    Complaint with respect to the potential "DOE" defendants at all such that no clue is

24    given as to their identity or relationship to the claims.  (*See* Complaint ¶ 11).

25    ## II.    THE AMOUNT IN CONTROVERSY

26    10.    The amount in controversy between the parties exceeds the minimum

27

28    ---
[1] In fact, Art Fashion Corporation is incorporated in Delaware.  (Clancy Dec. ¶ 3).

WEST\266682810.1

DLA Piper LLP (US)
Los Angeles

DEFENDANT ART FASHION CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.[2]

2      11.   "[A] defendant's notice of removal need include only a plausible

3  allegation that the amount in controversy exceeds the jurisdiction threshold." *Dart*

4  *Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Art

5  Fashion is not obliged to "research, state, and prove the plaintiff's claims for

6  damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

7  1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198

8  (N.D. Cal. 1998).  Art Fashion can establish the amount in controversy by the

9  allegations in the Complaint, or by setting forth facts in the notice of removal that

10  demonstrate that the amount placed in controversy by Plaintiff exceeds the

11  jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at

12  1198. In other words, the District Court may consider whether it is facially apparent

13  from the Complaint that the jurisdictional amount is in controversy. *Id.* In addition

14  to the contents of the removal petition, the Court considers "summary-judgment-

15  type evidence relevant to the amount in controversy at the time of removal," such as

16  affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.

17  2004); *Singer*, 116 F.3d at 377.

18      12.   In measuring the amount in controversy, a court must assume that the

19  allegations of the Complaint are true and that a jury will return a verdict for

20  Plaintiff on all claims made in the Complaint. *See Kenneth Rothschild Trust v.*

21  *Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The

22  ultimate inquiry is what amount is put "in controversy" by the Complaint, not what

23  the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982,

24  986 (S.D. Cal. 2005).

25

26  _____

[2] Art Fashion acknowledges only that the amount put in controversy by Plaintiff's allegations
27  exceeds $75,000 and in no way concedes the truth of any of Plaintiff's allegations or that Plaintiff
is entitled to relief in that amount or any amount whatsoever.  Art Fashion expressly denies any
28  allegations of wrongdoing and reserves all rights to assert any and all applicable defenses in this
matter.

DLA Piper LLP (US)
Los Angeles

DEFENDANT ART FASHION CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT

13. Here, although Plaintiff does not pray for a specific dollar amount, the Complaint alleges claims for: (1) disability discrimination; (2) failure to prevent discrimination; (3) failure to provide California Family Rights Act Leave; (4) failure to reasonably accommodate disability; (5) failure to engage in the interactive process; (6) retaliation; (7) wrongful termination of public policy; (8) failure to reimburse business expenses; (9) failure to pay vested wages; and (10) failure to timely pay wages. Assuming that Plaintiff's suit is successful, the amount in controversy requirement is clearly met. *See Jackson v. American Bankers Ins. Co.*, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997) ("[t]he appropriate measure [of the amount in controversy] is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint"); *Kenneth Rothschild Trust*, 199 F. Supp. 2d at 1001 (amount in controversy is based on assumption that plaintiff prevails on all claims).

14. Specifically, in addition to compensatory damages, Plaintiff seeks the following:

(a) Emotional Distress Damages. Plaintiff requests emotional distress damages. (Complaint ¶¶ 35, 45, 55, 69, 82, 93, and 100). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005) (holding that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim," even where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees"). A defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-1034 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in similar discrimination,

DLA PIPER LLP (US)
LOS ANGELES

1    harassment, and/or retaliation cases. *See, e.g., Bradley v. Department of*

2    *Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (awarding a

3    single plaintiff $300,000 in non-economic damages for harassment claim);

4    *Hernandez v. Regents of the University of California*, 2009 WL 6045700 (Sept.

5    2009) (a jury in Alameda County handed down a $266,347 award for pain and

6    suffering to a plaintiff-employee where the plaintiff's employer wrongfully

7    terminated her in retaliation for demanding reasonable accommodations). Thus, if

8    Plaintiff is able to prove his claims at trial, it is reasonable to conclude that Plaintiff

9    will seek, and a jury may award, in excess of $75,000 for emotional distress

10    damages. Accordingly, the amount in controversy here clearly exceeds $75,000.

11         (b) Punitive Damages. Plaintiff also seeks punitive damages.

12    (Complaint ¶¶ 37, 47, 57, 71, 84, 95, and 102). Punitive damages are recoverable

13    under FEHA. *See* Cal. Civ. Code 3294. Punitive damages should be considered

14    when determining the amount in controversy. *See Anthony v. Security Pac. Fin'l*

15    *Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (punitive damages factored into

16    amount in controversy if they are recoverable under state law); *Simmons*, 209 F.

17    Supp. 2d at 1033 (recognizing that jury verdicts in other similar cases in California

18    "amply demonstrate the potential for large punitive damage awards in employment

19    discrimination cases."); *see, e.g., Wysinger v. Automobile Club of Southern*

20    *California*, 157 Cal. App. 4th 413 (2007) (awarding $1 million in punitive damages

21    for an employer's disability discrimination, failure to engage in the interactive

22    process, and retaliation in violation of FEHA); *Weeks v. Baker & McKenzie*, 63 Cal.

23    App. 4th 1128 (1998) (in a harassment case in violation of FEHA, awarding

24    $3,500,000 in punitive damages from the defendant employer).

25         (c) Attorneys' Fees. Plaintiff has also demanded attorneys' fees.

26    (Complaint ¶¶ 36, 46, 56, 70, 83, 94, 101, 107, 120, Prayer for Relief ¶ 4).

27    Attorneys' fees shall be awarded to a prevailing plaintiff in a FEHA action. *See* Cal.

28    Gov't Code § 12965(b); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-

56 (9th Cir. 1998) (where attorneys' fees are allowed by statute, they are considered as part of the amount in controversy calculation); *Muniz v. UPS*, 738 F.3d 214 (2013) (a trial court awarded $697,972 in attorney fees in a single-plaintiff action for gender discrimination in violation of FEHA*).*  Counsel for Art Fashion has defended numerous claims for alleged discrimination, harassment, and retaliation against corporate employers. (Gipson Dec., ¶ 4.)  Counsel for Art Fashion is familiar with damages claims made by plaintiffs and awarded by juries in California, as well as claims and awards for attorneys' fees. (*Id.*)  Based on that experience, discovery and settlement discussions consistently reveal that a typical plaintiff in such an action regularly seeks more than $75,000, particularly when attorneys' fees are taken into account. (*Id.*)

23.    Based on Plaintiff's claims, his prayer for relief and the undersigned counsel's previous experience, there is no question that the amount in controversy in this case significantly exceeds $75,000.  *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) ("the lengthy list of compensatory and punitive damages sought by [the plaintiff], when combined with attorney's fees, would exceed $75,000"). Therefore, removal is appropriate and proper.

## III.    COMPLIANCE WITH STATUTORY REQUIREMENTS FOR REMOVAL

15.    This Notice is timely filed under 28 U.S.C. § 1446(b) in that it is being filed within thirty days of November 4, 2015, the date Art Fashion was served with the Complaint.  (Clancy Dec. ¶ 4).

16.    This case may be removed to this Court under 28 U.S.C. § 1441(a) because the Complaint was filed in the Superior Court of the State of California for the County of Los Angeles, which is within the Central District of California.

17.    Pursuant to 28 U.S.C. § 1446(a), Art Fashion attaches as **Exhibit A** a true and correct copy of the Summons, Complaint, and acceptance of service.

18.    Art Fashion attaches as **Exhibit B** a true and correct copy of the

1    Answer filed in this case.

2        20.    In accordance with 28 U.S.C. § 1446(d), a Notice of Filing of Notice

3    of Removal is being filed contemporaneously with the Clerk of the Superior Court

4    of the State of California in and for the County of Los Angeles, and Art Fashion

5    will provide written notice of the filing of this Notice of Removal to counsel of

6    record for Plaintiff.

7        21.    If any question arises as to the propriety of the removal of this action,

8    Art Fashion respectfully requests the opportunity to present a brief, evidence, and

9    oral argument in support of their position that this case is removable.

10

11   Dated:  December 3, 2015

12                                           DLA PIPER LLP (US)

13

14                                      By _____

15                                           BENJAMIN M. GIPSON
                                             Attorney for Defendant
16                                           ART FASHION CORPORATION dba
                                             ROBERTO CAVALLI

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER LLP (US)
LOS ANGELES

DEFENDANT ART FASHION CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL
COURT

EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ART FASHION CORPORATION dba ROBERTO CAVALLI, a New
York corporation, and DOES 1 through 30, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DORINA JUTARIU, an individual,

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 03 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Central - Stanley Mosk Courthouse<br>*(El nombre y dirección de la corte es):*<br><br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 590882** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kiran Preet Dhillon, Archibald & Berenji, LLP, 1055 West 7th St., Los Angeles, CA 90017; (310) 855-3270

| | | | |
|---|---|---|---|
| DATE: November 3, 2015<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by _____ Judi Lara _____<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

NOV 03 2015

3. ☒ on behalf of *(specify):* Art Fashion Corporation dba
Roberto Cavalli, a New York corporation

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1   **ARCHIBALD & BERENJI**
2   **SHADIE L. BERENJI (SBN 235021)**
    **CHRISTOPHER J. ARCHIBALD (SBN 253075)**
3   **KIRAN PREET DHILLON (SBN 288098)**
    1055 West Seventh Street, 33rd Floor
4   Los Angeles, California 90017
    Telephone: (310) 855-3270
5   Facsimile: (310) 855-3751
6   Email: berenji@abemployeelaw.com
    Email: archibald@abemployeelaw.com
7   Email: dhillon@abemployeelaw.com

8   Attorneys for PLAINTIFF
    DORINA JUTARIU
9

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 0 3 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                   IN AND FOR THE COUNTY OF LOS ANGELES
12

13   DORINA JUTARIU, an individual,          Case No.   BC 5 9 9 8 8 2
14
15                      Plaintiff,           **COMPLAINT FOR DAMAGES:**
         v.
16                                           1. **DISABILITY DISCRIMINATION;**
     ART FASHION CORPORATION dba             2. **FAILURE TO PREVENT**
17   ROBERTO CAVALLI, a New York                **DISCRIMINATION;**
     corporation, and DOES 1 through 30,     3. **FAILURE TO PROVIDE CFRA**
18   inclusive,                                 **LEAVE;**
                                             4. **FAILURE TO REASONABLY**
19                      Defendants.             **ACCOMMODATE DISABILITY;**
                                             5. **FAILURE TO ENGAGE IN THE**
20                                              **INTERACTIVE PROCESS;**
                                             6. **RETALIATION;**
21                                           7. **WRONGFUL TERMINATION IN**
                                                **VIOLATION OF PUBLIC**
22                                              **POLICY;**
                                             8. **FAILURE TO REIMBURSE**
23                                              **BUSINESS EXPENSES;**
                                             9. **FAILURE TO PAY VESTED**
24                                              **WAGES;**
                                             10. **FAILURE TO TIMELY PAY**
25                                              **WAGES.**
26                                           **DEMAND FOR JURY TRIAL**
27
28

Plaintiff DORINA JUTARIU ("PLAINTIFF") brings this action against ART FASHION CORPORATION dba ROBERTO CAVALLI ("ROBERTO CAVALLI"), a New York corporation, and DOES 1 through 30, inclusive (collectively, "DEFENDANTS"), and alleges on knowledge as to herself and her own acts, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1.      This action is brought pursuant to California statutory and decisional laws. PLAINTIFF alleges that California statutory and decisional laws prohibit the conduct by DEFENDANTS, as alleged herein, and therefore PLAINTIFF is entitled to monetary relief on the basis that DEFENDANTS violated such statutes and decisional laws.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper in this Court by virtue of California statutes and decisional law.

3.      Venue is proper under California Government Code section 12965, subdivision (b), and California Code of Civil Procedure section 395, in that a substantial part of the events or omissions giving rise to PLAINTIFF's claims occurred in the County of Los Angeles.  At all times mentioned herein, PLAINTIFF resided in the County of Los Angeles.

4.      PLAINTIFF alleges on information and belief that Does 1 through 20 were and are corporations or other business entities, which were authorized to and did business in Los Angeles County, California.  PLAINTIFF is informed and believes that Does 21 through 30 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendant ROBERTO CAVALLI.

5.      The amount in controversy is within the jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Within one year from the date of Defendant ROBERTO CAVALLI's last adverse employment action and prior to the initiation of this action, PLAINTIFF exhausted her administrative remedies by filing a complaint against ROBERTO CAVALLI with the California Department of Fair Employment and Housing ("DFEH"), pursuant to section 12900 et seq. of the California Government Code, alleging the acts described in this Complaint.  The DFEH issued a

2

1  "Right to Sue" letter to PLAINTIFF.  All conditions precedent to the institution of this lawsuit has

2  been fulfilled.

3  **PARTIES**

4      7.    Plaintiff DORINA JUTARIU is an individual, and at all times mentioned in this

5  Complaint, was a resident of the State of California, County of Los Angeles. DEFENDANTS

6  employed PLAINTIFF as a seamstress for nearly a decade in its fashion store located at 362 Rodeo

7  Drive, Beverly Hills, California, 90210.

8      8.    PLAINTIFF was, at all times material herein, an "employee," as defined by

9  California Government Code section 12926, subdivision (c), part of the California Fair Employment

10  and Housing Act, Government Code section 12900 et seq.  At all times relevant herein, PLAINTIFF

11  was also a qualified employee under the California Family Rights Act ("CFRA"), California

12  Government Code section 12945.2, subdivision (a), in that in the year prior to her medical leave, as

13  set forth in more detail below, PLAINTIFF worked the full twelve months and accrued over 1,250

14  hours of work.

15      9.    PLAINTIFF is informed and believes and based thereon alleges that DEFENDANTS

16  own and operate one of the most renowned and respected Italian fashion lines in the world.

17  DEFENDANTS' clothes, shoes, and accessories are distributed worldwide with 179 flagship stores.

18      10.    PLAINTIFF is informed and believes and based thereon alleges that at all times

19  relevant herein, Defendant ROBERTO CAVALLI was and is a New York corporation doing

20  business in the State of California, County of Los Angeles.  PLAINTIFF is informed and believes

21  that ROBERTO CAVALLI is an "employer" as defined by California Government Code sections

22  12926 subdivision (d), 12940 subdivision (a), 12940 subdivision (j)(4)(A), and 12945.2, subdivision

23  (c)(2).

24      11.    Defendants Does 1 through 30 are sued under fictitious names pursuant to California

25  Code of Civil Procedure section 474.  PLAINTIFF is informed and believes, and on that basis

26  alleges, that each of the defendants sued under fictitious names is in some manner responsible for

27  the wrongs and damages alleged below and in so acting was functioning as the agent, servant,

28  partner, and/or employee of the co-defendants, and in taking the actions mentioned below was acting

COMPLAINT FOR DAMAGES

1 | within the course and scope of his or her authority as such agent, servant, partner, and employee,

2 | with the permission and consent of the co-defendants.

3 | **STATEMENT OF FACTS**

4 | 12.   In the beginning of 2007, PLAINTIFF was hired by DEFENDANTS as a seamstress

5 | in its fashion store located on Rodeo Drive in Beverly Hills.   PLAINTIFF worked for

6 | DEFENDANTS as a seamstress for nearly a decade, until she was wrongfully terminated on or

7 | about September 1, 2015.

8 | 13.   Throughout PLAINTIFF's employment with DEFENDANTS, PLAINTIFF met or

9 | exceeded DEFENDANTS' expectations in the performance of her job duties.   PLAINTIFF was a

10 | loyal and hardworking employee who was adored by DEFENDANTS' clients, including high-end

11 | celebrities, and respected by her coworkers.

12 | 14.   PLAINTIFF was given the additional responsibility of traveling to the homes of

13 | DEFENDANTS' most valuable customers and providing seamstress services.   PLAINTIFF also

14 | traveled to and provided services to clients that attended the Oscars and similar awards ceremonies

15 | in DEFENDANTS' clothing, shoes, and accessories.   Throughout PLAINTIFF's employment,

16 | DEFENDANTS required her to use her own vehicle to travel off-site and service clients.

17 | DEFENDANTS did not reimburse PLAINTIFF for the travel costs associated with traveling to

18 | service its clients.

19 | 15.   At all times relevant to this action, PLAINTIFF's direct supervisor was Bradley

20 | Smith.

21 | 16.   On or around April 22, 2015, PLAINTIFF suffered a physical injury, resulting in a

22 | herniated disc, requiring surgery and corresponding recuperation time.   PLAINTIFF requested

23 | medical leave and was granted leave from May 31, 2015 to August 22, 2015.

24 | 17.   On July 9, 2015, PLAINTIFF spoke with James Clancy, Human Resources Manager

25 | for DEFENDANTS, and told him that she needed more time to recuperate.   On July 14, 2015,

26 | PLAINTIFF submitted a doctor's note stating that due to the nature of her treatment, he

27 | recommended that PLAINTIFF receive twelve weeks of disability leave, starting on July 14, 2015.

28 |

4

18.     On August 24, 2015, PLAINTIFF contacted Mr. Clancy again and reminded him that her doctor had extended her leave.  Mr. Clancy responded by informing PLAINTIFF that she would only receive a one-week extension of leave from her original return-to-work date (August 22, 2015) and thus her "FMLA leave" would expire on August 31, 2015.  Pursuant to PLAINTIFF's doctor's note, PLAINTIFF would have only required an additional five weeks of leave following the August 31, 2015 return-to-work date provided by Mr. Clancy.

19.     On or about September 8, 2015, PLAINTIFF received a termination letter dated September 1, 2015.   The termination letter stated, "Your separation date from Art Fashion Corporation is September 1, 2015.  Your employment has been ended due to your leave expiration.".

20.     PLAINTIFF did not receive her final paycheck and all wage due, including vested vacation wages, at the time of her termination.

21.     DEFENDANTS never informed PLAINTIFF of her legal rights under the CFRA and did not provide her with CFRA medical leave.

22.     Prior to terminating PLAINTIFF, DEFENDANTS never entered into any dialogue with PLAINTIFF to attempt to discuss her medical restrictions and whether they could be accommodated.  DEFENDANTS also failed to inform PLAINTIFF of her rights under the FEHA.

23.     Shortly after terminating PLAINTIFF's employment of approximately nine years, DEFENDANTS hired a replacement for PLAINTIFF.

## FIRST CAUSE OF ACTION

## DISABILITY DISCRIMINATION

### (Against ROBERTO CAVALLI and Does 1 through 30)

24.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

25.     At all times herein mentioned, California Government Code sections 12940 et seq. were in full force and effect and were binding on DEFENDANTS.  Under the Fair Employment and Housing Act ("FEHA"), California Government Code section 12940 et seq., it is an unlawful employment practice for an employer because of the disability of a person to discharge the person

1   from employment or discriminate against the person in the terms, conditions, or privileges of

2   employment.

3       26.    The FEHA defines "disability" to include (1) "[h]aving a record or history of a

4   disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that

5   constitutes a physical disability], which is known to the employer"; (2) "[b]eing regarded or treated

6   by the employer . . . as having, or having had, any physical condition that makes achievement of a

7   major life activity difficult"; or (3) "[b]eing regarded or treated by the employer . . . as having, or

8   having had, a disease, disorder, condition cosmetic disfigurement, anatomical loss, or health

9   impairment that has no present disabling effect but may become a physical disability." Cal. Gov.

10  Code, § 12926, subd. (l)(3)-(5).

11      27.    "An employer knows an employee has a disability when the employee tells the

12  employer about his condition, or when the employer otherwise becomes aware of his condition, such

13  as through a third party or observation.  The employer need only know the underlying facts, not the

14  legal significance of those facts." *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th

15  864, 887.

16      28.    During the course of PLAINTIFF's employment with DEFENDANTS, PLAINTIFF

17  suffered from an injury requiring surgery.  Given complications with her injury, PLAINTIFF

18  required a short, five-week extension of her medical leave to recuperate.  DEFENDANTS knew that

19  PLAINTIFF was experiencing these medical restrictions because PLAINTIFF informed

20  DEFENDANTS' human resources manager, Mr. Clancy, about the need for more time off and

21  because PLAINTIFF's doctor provided a note to Mr. Smith, PLAINTIFF's supervisor, outlining the

22  need for an extension of PLAINTIFF's leave.  Therefore, at the time of PLAINTIFF's termination,

23  DEFENDANTS believed that PLAINTIFF had a disability that limited her major life activities,

24  including working.

25      29.    PLAINTIFF had a "record of" a disease, disorder, condition, or health impairment as

26  her physical limitations related to her injury and subsequent surgeries was known by

27  DEFENDANTS. PLAINTIFF believes she was "regarded" by DEFENDANTS as having or having

28  had a disease, disorder, condition or health impairment that had no present disabling effect but may

6

1   become a physical disability.  Gov. Code, § 12926(l)(5).  This qualifies PLAINTIFF as a person

2   protected from discrimination on the basis of a disability under the FEHA.  Gov. Code, § 12926(j),

3   (l).  DEFENDANTS regarded PLAINTIFF as having a disability that limited her ability to work.

4         30.    PLAINTIFF was able to perform the essential functions of her job with the

5   reasonable accommodation of a short, five-week extension of her leave so that she could recuperate.

6   At all times during her employment, PLAINTIFF was otherwise qualified to do her job.

7         31.    PLAINTIFF is informed and believes that DEFENDANTS discriminated against her

8   based on her actual or perceived disability by refusing to provide her with reasonable

9   accommodation of an extension on her medical leave and then terminating her employment while

10   she was on leave.

11         32.    PLAINTIFF's actual or perceived disability was a substantial motivating factor for

12   her termination.

13         33.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

14   herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

15   suffered and continues to suffer other economic loss, the precise amount of which will be proven at

16   trial.

17         34.    As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

18   suffered actual, consequential and incidental financial losses, including without limitation, loss of

19   salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such

20   amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other

21   provision of law providing for prejudgment interest.

22         35.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

23   herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

24   enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of

25   which will be proven at trial.

26         36.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been

27   forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue

28

COMPLAINT FOR DAMAGES

1 | to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover

2 | attorneys' fees and costs under California Government Code section 12965, subdivision (b).

3 |     37.    The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers,

4 | directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

5 | deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of

6 | PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and

7 | ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of

8 | punitive damages against DEFENDANTS.

9 | **SECOND CAUSE OF ACTION**

10 | **FAILURE TO PREVENT DISCRIMINATION**

11 | **(Against ROBERTO CAVALLI and Does 1 through 30)**

12 |     38.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set

13 | forth in all the foregoing paragraphs as if fully set forth herein.

14 |     39.    At all times mentioned herein, California Government Code sections 12940, et seq.,

15 | including but not limited to section 12940, subdivision (k), were in full force and effect and were

16 | binding upon DEFENDANTS.  These sections impose on an employer a duty to take immediate and

17 | appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent

18 | discrimination from occurring, among other things.

19 |     40.    PLAINTIFF was subject to discrimination on the basis of her actual or perceived

20 | disability given that DEFENDANTS terminated PLAINTIFF while she was on medical leave.

21 |     41.    DEFENDANTS failed to take all reasonable steps necessary to prevent

22 | discrimination against PLAINTIFF based on her actual or perceived disability. Despite the fact that

23 | DEFENDANTS' agents, Mr. Smith and Mr. Clancy, knew that Plaintiff required an extension of her

24 | medical leave to recover from her surgeries, DEFENDANTS failed to take the steps necessary to

25 | prevent discrimination when they terminated PLAINTIFF's employment while she was on leave,

26 | without giving any consideration to her doctor's note for an extension of PLAINTIFF's medical

27 | leave.

28 | ///

8

COMPLAINT FOR DAMAGES

EXHIBIT A, Page 16

42.     DEFENDANTS' failure to take all reasonable steps necessary to prevent discrimination was a substantial factor in causing PLAINTIFF's harm and a violation of California Government Code section 12940, subdivision (k).

43.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

44.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

45.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of which will be proven at trial.

46.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

47.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.  DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

///

///

9

1           **THIRD CAUSE OF ACTION**

2           **FAILURE TO PROVIDE CFRA LEAVE**

3           **(Against ROBERTO CAVALLI and Does 1 through 30)**

4        48.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set

5 forth in all the foregoing paragraphs as if fully set forth herein.

6        49.     The CFRA requires employers to provide 12 workweeks of medical leave to any

7 employee who has more than 12 months of service with the employer and who has at least 1,250

8 hours of service during the previous 12-month period.

9        50.     DEFENDANTS are employers as defined by CFRA. DEFENDANTS have over 50

10 employees within a 75-mile radius of PLAINTIFF's work location. At the time of PLAINTIFF's

11 request for leave, she had been employed by DEFENDANTS for more than 12 months and had at

12 least 1,250 hours of service during the previous 12-month period.

13        51.     In violation of CFRA, DEFENDANTS failed to grant and interfered with

14 PLAINTIFF's right to take leave under CFRA by failing to inform her of her legal rights under

15 CFRA, failing to provide her with CFRA leave and a guarantee of employment in the same or a

16 comparable position upon the completion of the leave, and terminating her employment.

17        52.     The unlawful practices were approved and ratified by DEFENDANTS, and each of

18 them.

19        53.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

20 herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

21 suffered and continues to suffer other economic loss, the precise amount of which will be proven at

22 trial.

23        54.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

24 suffered actual, consequential and incidental financial losses, including without limitation, loss of

25 salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such

26 amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other

27 provision of law providing for prejudgment interest.

28 ///

55.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of which will be proven at trial.

56.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.   PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

57.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.   Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

58.     PLAINTIFF has been generally damaged in an amount within the jurisdictional limits of this Court and requests relief as described in the PRAYER below.

### FOURTH CAUSE OF ACTION

**FAILURE TO REASONABLY ACCOMMODATE DISABILITY**

**(Against ROBERTO CAVALLI and Does 1 through 30)**

59.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

60.     This cause of action is based upon California Government Code section 12940, subdivisions (a), (m), and (n), which prohibits discrimination against an employee based on the employee's disability and imposes liability for the failure of an employer to engage in a timely, good faith, interactive process with the employee to determine and provide a reasonable accommodation for the employee's disability.

///

///

11

1    61.    PLAINTIFF was an employee of DEFENDANTS who suffered from a physical

2   condition, a herniated disc requiring surgery, which limited a major life activity and constitutes a

3   "disability" as defined in California Government Code section 12926, subdivisions (j) and (l).

4    62.    DEFENDANTS were aware that PLAINTIFF was diagnosed by a physician with a

5   physical condition that limited a major life activity because PLAINTIFF took a medical leave of

6   absence from work in May 31, 2015 to August 22, 2015.

7    63.    As alleged above, PLAINTIFF sought accommodation for her physical condition that

8   limited her ability to work.  Reasonable accommodations could have been made during the period of

9   time PLAINTIFF was absent because of her medical leave.  These reasonable accommodations

10   could have included, but were not limited to, providing PLAINTIFF with a short, five-week

11   extension of her medical leave, as requested by PLAINTIFF's doctor, to allow PLAINTIFF to

12   recuperate from her surgeries.

13    64.    PLAINTIFF's employment was terminated because she took a reasonable medical

14   leave related to her physical condition that limited her ability to work.

15    65.    PLAINTIFF was retaliated against because of her actual or perceived disability.

16   PLAINTIFF was terminated in retaliation for taking a medical leave related to her physical

17   condition that limited her ability to work, and for requesting a short, five-week extension of that

18   medical leave, as prescribed by her doctor.

19    66.    DEFENDANTS discriminated against PLAINTIFF in violation of the California

20   Government Code sections set forth herein by doing the following: (1) refusing to engage in a

21   timely, good faith, interactive process with PLAINTIFF to determine effective reasonable

22   accommodations; (2) refusing to provide PLAINTIFF with a reasonable accommodation; and, (3)

23   terminating PLAINTIFF's employment because of PLAINTIFF's actual or perceived disability and

24   medical leave.

25    67.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

26   herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

27   suffered and continues to suffer other economic loss, the precise amount of which will be proven at

28   trial.

COMPLAINT FOR DAMAGES

EXHIBIT A, Page 20

68.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

69.     As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of which will be proven at trial.

70.     As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover attorneys' fees and costs under California Government Code section 12965, subdivision (b).

71.     The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers, directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of PLAINTIFF.  DEFENDANTS and their agents/employees or supervisors, authorized, condoned and ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of punitive damages against DEFENDANTS.

## FIFTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### (Against ROBERTO CAVALLI and Does 1 through 30)

72.     PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

73.     This cause of action is based upon California Government Code section 12940, subdivisions (a), (m), and (n), which prohibits discrimination against an employee based on the employee's disability and imposes liability for the failure of an employer to engage in a timely, good

1   faith, interactive process with the employee to determine and provide a reasonable accommodation

2   for the employee's disability.

3       74.    PLAINTIFF was an employee of DEFENDANTS who suffered from a physical

4   condition, a herniated disc requiring surgery, which limited a major life activity and constitutes a

5   "disability" as defined in California Government Code section 12926, subdivisions (j) and (l).

6       75.    DEFENDANTS were aware that PLAINTIFF was diagnosed by a physician with a

7   physical condition that limited a major life activity because PLAINTIFF took a medical leave of

8   absence from work in May 31, 2015 to August 22, 2015.

9       76.    As alleged above, PLAINTIFF sought accommodation for her physical condition that

10  limited her ability to work.  Reasonable accommodations could have been made during the period of

11  time PLAINTIFF was absent because of her medical leave.  These reasonable accommodations

12  could have included, but were not limited to, providing PLAINTIFF with a short, five-week

13  extension of her medical leave, as requested by PLAINTIFF'S doctor, to allow PLAINTIFF to

14  recuperate from her surgeries.

15      77.    PLAINTIFF's employment was terminated because she took a reasonable medical

16  leave related to her physical condition that limited her ability to work.

17      78.    PLAINTIFF was retaliated against because of her actual or perceived disability.

18  PLAINTIFF was terminated in retaliation for taking a medical leave related to her physical

19  condition that limited her ability to work, and for requesting a short, five-week extension of that

20  medical leave, as prescribed by her doctor.

21      79.    DEFENDANTS discriminated against PLAINTIFF in violation of the Government

22  Code sections set forth herein by doing the following: (1) refusing to engage in a timely, good faith,

23  interactive process with PLAINTIFF to determine effective reasonable accommodations; (2)

24  refusing to provide PLAINTIFF with a reasonable accommodation; and, (3) terminating

25  PLAINTIFF's employment because of PLAINTIFF's disability and medical leave.

26      80.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

27  herein, PLAINTIFF has suffered lost income, employment, and career opportunities, and has

28

COMPLAINT FOR DAMAGES

1  suffered and continues to suffer other economic loss, in an amount that exceeds seventy five

2  thousand; the precise amount of which will be proven at trial.

3      81.    As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

4  suffered actual, consequential and incidental financial losses, including without limitation, loss of

5  salary and benefits, all in an amount subject to proof at the time of trial.  PLAINTIFF claims such

6  amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other

7  provision of law providing for prejudgment interest.

8      82.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

9  herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

10  enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of

11  which will be proven at trial.

12      83.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been

13  forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue

14  to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover

15  attorneys' fees and costs under California Government Code section 12965, subdivision (b).

16      84.    The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers,

17  directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

18  deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of

19  PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and

20  ratified the unlawful conduct of each other.  Consequently, PLAINTIFF is entitled to an award of

21  punitive damages against DEFENDANTS.

22                          **SIXTH CAUSE OF ACTION**

23                              **RETALIATION**

24              **(Against ROBERTO CAVALLI and Does 1 through 30)**

25      85.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set

26  forth in all the foregoing paragraphs as if fully set forth herein.

27  ///

28  ///

                                     15

86.     The CFRA requires employers to provide 12 workweeks of family care medical leave to any employee who has more than 12 months of service with the employer and who has at least 1,250 hours of service during the previous 12-month period.

87.     DEFENDANTS are employers as defined by CFRA.  DEFENDANTS have over 50 employees within a 75-mile radius of PLAINTIFF's work location.  At the time of PLAINTIFF's request for leave, she had been employed by DEFENDANTS for more than 12 months and had at least 1,250 hours of service during the previous 12-month period.

88.     CFRA, codified in Government Code section 12945 et. seq., makes it unlawful for any qualified employer to retaliate and discharge individuals who exercise their rights to medical leave, which includes a request for medical leave made pursuant to California Government Code section 12945.2, subdivision (a).

89.     Following her injury in April 22, 2015, PLAINTIFF informed DEFENDANTS that she needed leave because of her own serious medical condition and made a request for medical disability leave under CFRA.  PLAINTIFF engaged in protected conduct by requesting leave for her own serious medical condition – the disability caused by her injury.  PLAINTIFF subsequently requested reasonable accommodation of her disability by asking for a short extension of her medical leave.  PLAINTIFF supported her request for an accommodation with medical documentation.

90.     In violation of CFRA, DEFENDANTS retaliated against PLAINTIFF by terminating her for making a request for CRFA medical leave.

91.     DEFENDANTS further retaliated against PLAINTIFF for requesting reasonable accommodation in the form of a short, five-week extension of her medical leave.  PLAINTIFF's subsequent request for an extension of the medical leave constituted a request for a reasonable accommodation of her physical disability, and DEFENDANTS' actions in wrongfully terminating PLAINTIFF constitute a violation of Government Code section 12940(m)(2), which makes it unlawful to "retaliate or otherwise discriminate against a person for requesting accommodation . . . regardless of whether the request was granted."

92.     As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has suffered actual, consequential and incidental financial losses, including without limitation, loss of

16

1   salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such

2   amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other

3   provision of law providing for prejudgment interest.

4         93.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

5   herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

6   enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of

7   which will be proven at trial.

8         94.    As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been

9   forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue

10   to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover

11   attorneys' fees and costs under California Government Code section 12965, subdivision (b).

12         95.    The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers,

13   directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

14   deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of

15   PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and

16   ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award of

17   punitive damages against DEFENDANTS.

18   ## SEVENTH CAUSE OF ACTION

19   ### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

20   **(Against ROBERTO CAVALLI and Does 1 through 30)**

21         96.    PLAINTIFF re-alleges and incorporates by reference each and every allegation set

22   forth in all the foregoing paragraphs as if fully set forth herein.

23         97.    DEFENDANTS terminated PLAINTIFF because of her actual or perceived disability

24   and protected medical leaves. Accordingly, DEFENDANTS terminated PLAINTIFF in violation of

25   the public policy set forth in the FEHA.

26         98.    At all times mentioned, the public policy of the State of California, as codified,

27   expressed and mandated in California Government Code section 12940, is to prohibit employers

28   from discriminating, harassing and retaliating against any individual on the basis of a disability.

COMPLAINT FOR DAMAGES

1 This public policy of the State of California is designed to protect all employees and to promote the

2 welfare and wellbeing of the community at large. Accordingly, the actions of DEFENDANTS in

3 terminating PLAINTIFF on the grounds alleged and described herein were wrongful and in

4 contravention of the express public policy of the State of California, to wit, the policy set forth in

5 California Government Code sections 12940 et seq., and the laws and regulations promulgated

6 thereunder.

7    99.   As a proximate result of the aforesaid acts of DEFENDANTS, PLAINTIFF has

8 suffered actual, consequential and incidental financial losses, including without limitation, loss of

9 salary and benefits, all in an amount subject to proof at the time of trial. PLAINTIFF claims such

10 amounts as damages pursuant to California Civil Code sections 3287 and/or 3288 and/or any other

11 provision of law providing for prejudgment interest.

12    100.   As a direct, foreseeable, and proximate result of DEFENDANTS' conduct, as alleged

13 herein, PLAINTIFF has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

14 enjoyment of life, humiliation, financial distress, and emotional distress, the precise amount of

15 which will be proven at trial.

16    101.   As a proximate result of the wrongful acts of DEFENDANTS, PLAINTIFF has been

17 forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue

18 to incur attorneys' fees and costs in connection therewith. PLAINTIFF is entitled to recover

19 attorneys' fees and costs under California Government Code section 12965, subdivision (b).

20    102.   The acts taken toward PLAINTIFF were carried out by DEFENDANTS' officers,

21 directors, and/or managing agents acting in a despicable, oppressive, fraudulent, malicious,

22 deliberate, egregious, and inexcusable manner and in conscious disregard for the rights and safety of

23 PLAINTIFF. DEFENDANTS and their agents/employees or supervisors, authorized, condoned and

24 ratified the unlawful conduct of each other. Consequently, PLAINTIFF is entitled to an award of

25 punitive damages against DEFENDANTS.

26 ///

27 ///

28 ///

1

## EIGHTH CAUSE OF ACTION

2

### FAILURE TO REIMBURSE BUSINESS EXPENSES

3

### (Against ROBERTO CAVALLI and Does 1 through 30)

4       103.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set

5   forth in all the foregoing paragraphs as if fully set forth herein.

6       104.   California Labor Code section 2802 requires DEFENDANTS to indemnify its

7   employees for all expenses that the employees necessarily expend as a direct result of discharge of

8   their employment duties or at the direction of the employer.

9       105.   PLAINTIFF was required to furnish her own vehicle and to incur travel expenses in

10   order to attend client meetings.  These expenses were necessarily incurred by PLAINTIFF in the

11   discharge of their duties.  During PLAINTIFF's employment, DEFENDANTS had a policy and

12   practice of not reimbursing PLAINTIFF for the expense of using her vehicle in discharging her

13   duties.

14       106.   As a proximate result of DEFENDANTS' conduct, PLAINTIFF has suffered

15   monetary loss and been deprived of her property in the form of unreimbursed expenses in an amount

16   according to proof.

17       107.   WHEREFORE, PLAINTIFF is entitled to recover the costs of the business expenses

18   and attorneys' fees, costs, and interest pursuant to California Labor Code sections 218.5, 218.6, and

19   2802, subdivision (c)for pursuit of this action.

20

## NINTH CAUSE OF ACTION

21

### FAILURE TO PAY VESTED VACATION WAGES

22

### (Against ROBERTO CAVALLI and Does 1 through 30)

23       108.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set

24   forth in all the foregoing paragraphs as if fully set forth herein.

25       109.   Pursuant to California Labor Code section 227.3, PLAINTIFF was entitled upon

26   termination to payment of vacation that had vested prior to termination.

27       110.   DEFENDANTS failed to pay PLAINTIFF all vacation that had vested prior to

28   termination in accordance with Labor Code section 227.3.

COMPLAINT FOR DAMAGES

EXHIBIT A, Page 27

111.   As a result of DEFENDANTS' conduct, PLAINTIFF has suffered damages, in an amount subject to proof, to the extent she was not paid for all vacation that had vested prior to termination in violation of Labor Code section 227.3.

Pursuant to Labor Code sections 218.5 and 218.6, PLAINTIFF is entitled to recover the full amount of her unpaid vacation, pre-judgment interest, reasonable attorneys' fees and costs of suit.

## TENTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY WAGES

### (Against ROBERTO CAVALLI and Does 1 through 30)

112.   PLAINTIFF re-alleges and incorporates by reference each and every allegation set forth in all the foregoing paragraphs as if fully set forth herein.

113.   California Labor Code section 201, subdivision (a) provides, in pertinent part:

"If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

114.   California Labor Code section 202, subdivision (a), provides, in pertinent part:

"If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72- hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."

///
///
///
///

COMPLAINT FOR DAMAGES

EXHIBIT A, Page 28

115.   DEFENDANTS willfully failed to timely pay PLAINTIFF at the time she was terminated.  As a result, DEFENDANTS violated California Labor Code sections 201, 201.3, and/or California Labor Code section 203 states:

"If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days… Suit may be filed for these penalties at any time before the expiration of the statute of limitations on any action for the wages from which the penalties arose."

116.   As noted above, DEFENDANTS violated California Labor Code sections 201, 201.3 and/or 202 by failing to pay PLAINTIFF all of the wages due at termination pursuant to the timelines provided in those sections. DEFENDANTS terminated PLAINTIFF on September 1, 2015, but did not pay her wages until her termination paperwork and final check was mailed out sometime after September 8, 2015.

117.   PLAINTIFF was entitled to timely compensation for all forms of wages earned. DEFENDANTS failed to do so, thus entitling PLAINTIFF to penalties under California Labor Code section 203.

118.   More than 30 days passed between the time PLAINTIFF left DEFENDANTS' employ and the time she received her final paycheck, in violation of California Labor Code sections 201, 201.3, 202 and/or 203. As a consequence of DEFENDANTS' willful conduct in not paying all earned wages, PLAINTIFF is entitled to 30 days wages as a premium wage or penalty under California Labor Code section 203.

119.   PLAINTIFF is entitled to California Labor Code sections 203 and 210 penalties in amounts to be determined at trial.

120.   DEFENDANTS are further liable for civil penalties and reasonable attorney's fees and costs of suit pursuant to California Labor Code section 218.5.

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DORINA JUTARIU, prays for judgment against DEFENDANTS as follows:

1. For general and special damages according to proof;

2. For exemplary damages according to proof;

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

5. For costs of suit incurred in this action; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff DORINA JUTARIU hereby demands trial of this matter by jury.

DATED: November 3, 2015                     ARCHIBALD & BERENJI

By: _____
SHADIE L. BERENJI
CHRISTOPHER J. ARCHIBALD
KIRAN PREET DHILLON
Attorneys for Plaintiff,
DORINA JUTARIU

COMPLAINT FOR DAMAGES
EXHIBIT A, Page 30

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kiran Preet Dhillon (SBN 288098)
Archibald & Berenji, LLP
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
TELEPHONE NO.: (310) 855-3270    FAX NO.: (310) 855-3751
ATTORNEY FOR (Name): DORINA JUTARIU

FOR COURT USE ONLY
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 03 2015

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
Dorina Jutariu v. Art Fashion Corporation dba Roberto Cavalli, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: BC 599882 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): 10
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: November 3, 2015
Kiran Preet Dhillon
_____          ▶ _____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

EXHIBIT A, Page 31

| SHORT TITLE: Jutariu v. Art Fashion Corporation dba Roberto Cavalli, et al. | CASE NUMBER  BC 5 9 0 8 8 2 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 7-10 ☐ HOURS/✓DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| SHORT TITLE: Jutariu v. Art Fashion Corporation dba Roberto Cavalli, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1., ②, ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

EXHIBIT A, Page 33

| SHORT TITLE: Jutariu v. Art Fashion Corporation dba Roberto Cavalli, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT A, Page 34

| SHORT TITLE: Jutariu v. Art Fashion Corporation dba Roberto Cavalli, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | |
|---|---|
| **REASON:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>362 Rodeo Drive |
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90210 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _Stanely Mosk_____ courthouse in the _Central_____District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: _November 3, 2015_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 3/15)      **CIVIL CASE COVER SHEET ADDENDUM**      Local Rule 2.3
LASC Approved 03-04       **AND STATEMENT OF LOCATION**      Page 4 of 4

EXHIBIT A, Page 35

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____     BC 599 882

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 | |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 | |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 | |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 | |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 | |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 | |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 | |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 | |
| Hon. Holly E. Kendig | 42 | 416 | | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Emile H. Elias | 324 | CCW | |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Debre K. Weintraub | 47 | 507 | | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on    NOV 03 2015   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev. 09/15)            **- NOTICE OF CASE ASSIGNMENT -**            Page 1 of 2
LASC Approved 05-06                          **UNLIMITED CIVIL CASE**

EXHIBIT A, Page 36

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

LACIV CCH 190 (Rev. 09/15)
LASC Approved 05-06

– NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 2 of 2

EXHIBIT A, Page 37

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11

| MAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:

E-MAIL ADDRESS (Optional):

FAX NO. (Optional):

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

## STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

EXHIBIT A, Page 41

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                  FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION -- EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

EXHIBIT A, Page 42

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lasuperiorcourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR PLAINTIFF)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR DEFENDANT)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

Date:

_____     ►  _____
(TYPE OR PRINT NAME)                          (ATTORNEY FOR _____)

LACIV 229 (new)
LASC Approved 04/11      **STIPULATION – EARLY ORGANIZATIONAL MEETING**      Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:

    ☐   Request for Informal Discovery Conference
    ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)          **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11       (pursuant to the Discovery Resolution Stipulation of the parties)
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2

EXHIBIT A, Page 45

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR PLAINTIFF)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR DEFENDANT)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

▶ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

EXHIBIT A, Page 46

# EXHIBIT "B"

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 0 2 2015

Sherri R. Carter, Executive Officer/Clerk
By: Shaunya Bolden, Deputy

1   BENJAMIN M. GIPSON (SBN 222830)
    ben.gipson@dlapiper.com
2   **DLA PIPER LLP (US)**
    2000 Avenue of the Stars
3   Suite 400 North Tower
    Los Angeles, California  90067-4704
4   Tel:  310.595.3000
    Fax:  310.595.3300
5
    Attorneys for Defendants
6   ART FASHION CORPORATION dba ROBERTO
    CAVALLI
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10
    DORINA JUTARIU, an individual,.         CASE NO.  BC599882
11
              Plaintiff,                     Honorable Mark Mooney
12
         v.                                  **DEFENDANT ART FASHION
13                                           CORPORATION'S ANSWER TO
    ART FASHION CORPORATION dba              PLAINTIFF DORINA JUTARIU'S
14  ROBERTO CAVALLI, a Delaware              COMPLAINT**
    corporation; HUGO HORTA, an
15  individual; and DOES 1 through 250,      Complaint Filed:    November 3, 2015
    inclusive,
16
              Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

EAST\117796323.2

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU'S COMPLAINT

Defendant ART FASHION CORPORATION dba ROBERT CAVALLI ("Defendant") hereby submits its answer to Plaintiff Dorina Jutariu's ("Plaintiff") Complaint (the "Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of the California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter, and each purported cause of action contained in Plaintiff's Complaint. Without limiting the generality of the foregoing, Defendant also denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## ADDITIONAL DEFENSES

In further answer to the Complaint, Defendant alleges the following additional defenses. Defendant reserves its right to amend its Answer to include defenses that are not known to them at this time. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

### (Failure to Exhaust Administrative Remedies)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust his administrative remedies, or to satisfy the procedural and jurisdictional prerequisites, necessary to maintain his purported causes of action, including without limitation those claims asserted under the California Fair Employment and Housing Act (FEHA), Government Code Sections 12940 et seq. Plaintiff is required to but has failed to raise an administrative charge with regard to all of the claims raised in his Complaint. A plaintiff must exhaust the administrative remedies available to his before resorting to the courts; this fundamental rule of procedure binds all courts. *See, e.g., Abelleira v. Dist. Ct. App.*, 17 Cal. 2d 280, 292-93 (1941). Pursuant to FEHA, a plaintiff must file an administrative charge with the DFEH within one year of any alleged unlawful employment discrimination and receive a right-to-sue letter from the DFEH before he may institute a civil

DLA PIPER LLP (US)
LOS ANGELES

1   lawsuit against his employer.  *Morgan v. Regents of Univ. of Cal.*, 88 Cal. App. 4th 52, 63 (2000);

2   *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996).  The civil lawsuit must be instituted

3   within one year of obtaining the right-to-sue letter and may not allege broader causes of action

4   than were alleged in the administrative charge.  *See* Cal. Govt. Code § 12965(b); *Yurick v. Super.*

5   *Ct.*, 209 Cal. App. 3d 1116, 1121-23 (1989) (in order to exhaust available administrative remedies

6   under the FEHA, a complaining party must specify the acts that he claims violated the FEHA in

7   his administrative charge).  "The scope of the administrative charge defines the permissible scope

8   of the subsequent civil action."  *Rodriguez v. Airborne Express*, 265 F.3d 890, 896-97 (9th Cir.

9   2001); *see also Cole v. Antelope Valley Union High School Dist.*, 47 Cal. App. 4th 1505, 1515-16

10  (1996) (plaintiff alleging harassment must specifically identify his alleged harassers in the

11  verified, written Charge to the DFEH to have exhausted his administrative remedies as to that

12  claim, as "the requirement of a 'verified complaint in writing' ensures that all interested parties

13  are on notice as to the substance of the allegations").

### SECOND DEFENSE

(Statute of Limitations)

16  As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred,

17  in whole or in part, by the applicable statutes of limitations , including but not limited to those set

18  forth under California Government Code Sections 12960 and 12965(b).

### THIRD DEFENSE

(Laches)

21  As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred

22  by the doctrine of laches because of Plaintiff's undue delay in giving notice of the matters

23  alleged, including that Plaintiff waited two years to file this lawsuit against Defendant.

### FOURTH DEFENSE

(Lack of Standing)

26  As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred

27  because Plaintiff lacks standing to assert the claims or the injuries alleged, and/or has not been

28  injured or lost any money or property as a result of Defendant's alleged actions.

DLA PIPER LLP (US)
LOS ANGELES

EAST\117796323.2                     -2-

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU''S COMPLAINT

EXHIBIT B, Page 49

## FIFTH DEFENSE

### (Failure to State a Cause of Action)

As to Plaintiff's Complaint, and each cause of action alleged therein, Plaintiff's claims are barred because Plaintiff fails to allege facts sufficient to state a cause of action against Defendant.

## SIXTH DEFENSE

### (Proximate Cause)

As to Plaintiff's Complaint, and each cause of action therein, even if the injuries and/or damages alleged occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's own acts or failure to act.

## SEVENTH DEFENSE

### (Waiver)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of waiver, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused his alleged damages.

## EIGHTH DEFENSE

### (Estoppel)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of equitable estoppel, as a result of the conduct, representations, and omissions of Plaintiff that, in turn, caused his alleged damages.

## NINTH DEFENSE

### (*In Pari Delicto*)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of *in pari delicto*, as a result of the acts and omissions of Plaintiff that make him equally, if not more, at fault for the alleged damages.

## TENTH DEFENSE

DLA PIPER LLP (US)
LOS ANGELES

-3-

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU''S COMPLAINT

EXHIBIT B, Page 50

(Unclean Hands)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred by the doctrine of unclean hands, as a result of the acts and omissions of Plaintiff that were unethical and, in turn, caused his alleged damages.

### ELEVENTH DEFENSE

(Willful Misconduct)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff engaged in willful misconduct which precludes Plaintiff's maintenance of this action and was a proximate cause of the claimed damages, if any damages were sustained.

### TWELFTH DEFENSE

(Privilege)

As to Plaintiff's Complaint, and each cause of action therein, and without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant contends that its conduct was at all times justified, privileged, and undertaken in good faith and without any intent to injure Plaintiff.

### THIRTEENTH DEFENSE

(Unauthorized Actions of Third Parties)

As to Plaintiff's Complaint, and each cause of action therein, without admitting that any agent or employee of Defendant engaged in such conduct, if any agent or employee of Defendant engaged in any alleged conduct that can be construed as tortious or otherwise illegal conduct, unlawful discrimination, failure to engage in the interactive process, and/or failure to accommodate, such conduct was unauthorized and outside the scope of such individual's agency or employment.

### FOURTEENTH DEFENSE

(Reasonableness and Good Faith)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff cannot recover punitive damages, because Defendant cannot be vicariously liable for any discriminatory

EAST\117796323.2

-4-

1  employment decisions that were contrary to Defendant's good-faith efforts to comply with laws

2  prohibiting employment discrimination.

### FIFTEENTH DEFENSE

(Undue Hardship)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that any decisions made by Defendant with respect to Plaintiff's employment were non-discriminatory, and were reasonably based on legitimate business concerns and/or preventing undue hardship.

### SIXTEENTH DEFENSE

(After-Acquired Evidence)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrine of after-acquired evidence.

### SEVENTEENTH DEFENSE

(Mitigation)

As to Plaintiff's Complaint, and each cause of action therein, Plaintiff's claims are barred on the ground that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages he allegedly suffered, but Plaintiff failed and/or refused and continues to fail and/or refuse, to exercise reasonable efforts to mitigate his damages.

### EIGHTEENTH DEFENSE

(Off-Set)

As to Plaintiff's Complaint, each cause of action therein, and the damages sought thereunder, Defendant is entitled to an off-set under the doctrine prohibiting double recovery of economic damages, including with respect to California Civil Code Sections 1431 *et seq.*, and to the extent that Plaintiff received offsetting funds by other means, including without limitation through insurance or benefits.

### NINETEENTH DEFENSE

DLA PIPER LLP (US)
LOS ANGELES

EAST\117796323.2

-5-

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU''S COMPLAINT
EXHIBIT B, Page 52

1                                          (Unjust Enrichment)

2          As to Plaintiff's Complaint, each cause of action therein, and the damages sought

3 thereunder, the damages that Plaintiff seeks are barred because an award to Plaintiff would

4 constitute unjust enrichment.

5                                     **TWENTIETH DEFENSE**

6                                     (Preemption)

7          As to Plaintiff's Complaint, each cause of action therein, and the damages sought

8 thereunder, insofar as Plaintiff seeks recovery for alleged physical and/or emotional injury based

9 on conduct by Defendant that neither contravenes fundamental California public policy nor

10 exceeds the risks inherent in the employment relationship, such recovery is barred by Labor Code

11 Sections 3601 and 3602, which provide that the exclusive remedy for these alleged injuries is an

12 action or a claim under the Workers Compensation Act.

13                                **TWENTY-FIRST DEFENSE**

14                 (Constitutional Bar of Punitive Damages)

15          As to Plaintiff's Complaint, each cause of action therein, and the damages sought

16 thereunder, Plaintiff's request for punitive damages in his Complaint violates the rights of

17 Defendant to procedural and substantive due process under the Fifth, Eighth, and Fourteenth

18 Amendment of the United States Constitution and under the Constitution of the State of

19 California.

20                             **TWENTY-SECOND DEFENSE**

21                 (Statutory Bar of Punitive Damages)

22          As to Plaintiff's Complaint, each cause of action therein, and the damages sought

23 thereunder, Plaintiff fails to and cannot allege facts sufficient to allow recovery of punitive or

24 exemplary damages from Defendant under Civil Code Section 3294, including that Defendant's

25 alleged wrongful conduct for which damages are sought were not oppressive, fraudulent, or

26 malicious, and/or Defendant had no knowledge or conscious disregard and did not authorize or

27 ratify any act of oppression, fraud, or malice by any officer, director, or managing agent of

28 Defendant.

DLA Piper LLP (US)
Los Angeles

EAST\117796323.2

-6-

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU''S COMPLAINT

EXHIBIT B, Page 53

## TWENTY-THIRD DEFENSE

### (Right to Raise Other Defenses)

Defendant currently does not have sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available.  To the extent not set forth herein, Defendant reserves the right to assert additional defenses that become available or apparent during discovery and to amend its Answer accordingly.

## PRAYER

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

I.  That Plaintiff takes nothing by her Complaint;

II.  That judgment be entered in favor of Defendant and against Plaintiff, on all causes of action;

III.  That Defendant be awarded reasonable attorney's fees according to proof;

IV.  That Defendant be awarded the costs of suit herein incurred; and

V.  That Defendant be awarded such other relief as this Court deems proper.

Dated: December 2, 2015

DLA PIPER LLP (US)

By _____
BENJAMIN M. GIPSON
Attorneys for Defendants
ART FASHION CORPORATION dba
ROBERTO CAVALLI

DLA PIPER LLP (US)
LOS ANGELES

EAST\117796323.2

-7-

DEFENDANT ART FASHION CORPORATION'S ANSWER TO
PLAINTIFF DORINA JUTARIU''S COMPLAINT

EXHIBIT B, Page 54

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  DLA PIPER LLP (US), 2000 Avenue of the Stars, Suite 400 North Tower, Los Angeles, California 90067.

    On December 2, 2015, I served the following document(s) described as:

**Defendant Art Fashion Corporation's Answer to Plaintiff Dorina Jutariu's Complaint**

on interested parties in this action by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelopes as stated below.

Kiran Preet Dhillon                           *Attorney for Plaintiff Dorina Jutariu*
**ARCHIBALD & BERENJI, LLP**
1055 West 7th Street
Los Angeles, CA  90017
Tel:  (310) 855-3270

☒    **(BY MAIL)**  The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **(BY FACSIMILE)**  I delivered such document by facsimile to the following persons at the facsimile telephone numbers listed above.

☐    **(BY HAND DELIVERY)**  I delivered the within documents to Ace Attorney Services for delivery to the above address(es) with instructions that such envelope be delivered personally on December 2, 2015 to the above named individuals.

☐    **(BY OVERNIGHT MAIL)**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with an overnight courier service.  Under that practice it would be deposited with said overnight courier service on that same day with delivery charges thereon billed to sender's account, at Los Angeles, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

    Executed on December 2, 2015, at Los Angeles, California.

                                Rea Luster